# STATE OF VERMONT

| SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Washington Unit | Docket No. 669-12-19 Wncv |

Jason Robison,
    Plaintiff

v.

Michael P Touchette,
Joshua Rutherford,
Allan Guillette,
Patterson,
    Defendants

**DECISION ON MOTION**

2021 JAN -6 A 11: 27

FILED

## Defendants' Three Motions to Dismiss

In this case, Plaintiff Jason Robison, a Vermont prison inmate, alleges that he was attacked and severely injured by another inmate, and that Vermont corrections officers (or at least one of them) was well aware of the threat of violence to Mr. Robison and deliberately disregarded it. Mr. Robison seeks compensatory damages and unspecified "prospective relief." Defendants filed two motions to dismiss, after which Mr. Robison amended his complaint. Defendants then filed a third motion to dismiss. The amended complaint clarifies the original complaint and provides greater detail but its substance does not moot the first two motions to dismiss. All three remain pending and are addressed here. However, this case has become confusing. Before addressing the motions, the court will attempt to clarify the record.

In the original complaint, Mr. Robison named four Department of Corrections employees as defendants in both their official and individual capacities: Michael Touchette, Joshua Rutherford, Adam Patterson, and Allan Guillette. The record includes a waiver of service applicable to Mr. Touchette in his official capacity only. A suit against a state employee in his official capacity is merely a suit against the state itself. See *Lewis v. Clarke*, 137 S.Ct. 1285, 1290–91 (2017); *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Karcher v. May*, 484 U.S. 72, 78 (1987); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, the State itself is a defendant in this case. There is no proof of service with regard to any of the above defendants in their individual capacities. However, in notices of appearances filed on February 5, March 2, and March 6, Attorney Robert Larose has appeared for all four named defendants in their individual capacities. Moreover, among them, the three motions to dismiss were filed on behalf of all four individual capacity defendants as well as the State, and no motion objects to any defect in service with regard to any of them. It is thus clear that Mr. Touchette, Mr. Rutherford, Mr. Patterson, and Mr. Guillette are defendants in this case in their individual capacities, the State also is a defendant, and the State and all individual capacity defendants have appeared and are actively defending against Mr. Robison's claim.

In the amended complaint, Mr. Robison names two additional defendants in the caption (implying that he wants or considers them to be defendants): shift supervisor Bob Arkley and unit officer Taylor Glowaki. There is no proof of service on either in the record, Attorney Larose has not purported to represent either, none of the motions to dismiss mention either Mr. Arkley or Mr. Glowaki, and neither Mr. Arkley nor Mr. Glowaki have appeared or defended in this case in any way. In other words, while Mr. Robison mentions them in the amended complaint, and may intend them to be defendants in this case, they do not appear to be subject to the court's jurisdiction at this time. This is significant because the only defendant alleged to have any personal involvement in the underlying events of this case is Mr. Glowaki.

The three motions to dismiss address Mr. Robison's claim for damages against the State and Mr. Touchette, Mr. Rutherford, Mr. Patterson, and Mr. Guillette in their individual capacities. The motions do not address any claims for prospective relief, and they do not address Mr. Arkley or Mr. Glowaki in any way. The State argues that it cannot be made subject to such a damages claim, and the individual capacity defendants argue that the claims against them are not viable because they are not alleged to have had any personal involvement in the underlying events leading up to the attack on Mr. Robison.

Mr. Robison seeks damages under 42 U.S.C. § 1983 for a violation of his Eighth Amendment rights. He alleges as follows. He came to be assigned to a cell also occupied by inmate Shaun Humphrey. Mr. Humphrey was known to be violent, and specifically and credibly threatened imminent harm to Mr. Robison. Mr. Robison repeatedly begged and pleaded with Officer Glowaki to do something to protect him from Mr. Humphrey, and Mr. Glowaki repeatedly refused to do anything. He simply said, "No." When Mr. Robison was locked into the cell with Mr. Humphrey, Mr. Humphrey promptly attacked and beat him severely.

The rudiments of a failure-to-protect Eighth Amendment claim have been summarized as follows.

> The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the "unnecessary and wanton infliction of pain." This constitutional limitation on punishment has been interpreted to impose a duty upon prison officials to take reasonable measures "'to protect prisoners from violence at the hands of other prisoners.'" While "[i]t is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety," "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Accordingly, "[a] prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment."

> For an inmate to prevail on an Eighth Amendment failure-to-protect claim, two requirements must be met. First, the prisoner must demonstrate "that he is incarcerated under conditions posing a substantial risk of serious

2

harm." This element is satisfied when the alleged "punishment" is "objectively sufficiently serious." Second, the prison officials involved must have a sufficiently culpable state of mind. Specifically, the inmate must show that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference."

*Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (citations omitted).

The State is not subject to damages claims under 42 U.S.C. § 1983. See *Brown v. State*, 2018 VT 1, ¶ 15, 206 Vt. 394. The damages claim against it therefore is not viable.

The individual capacity defendants argue that the complaint includes no allegations to the effect that they were involved in the underlying events that led to the attack on Mr. Robison. In other words, they argue that there is no causation connecting them to Mr. Robison's injuries. As one treatise explains,

> By its terms, § 1983 authorizes the imposition of liability only on a defendant who "subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights" guaranteed by federal law. The Supreme Court has read this language as imposing a proximate cause requirement on § 1983 claims. The great weight of judicial authority equates § 1983's causation requirement with common-law proximate cause. This reading of § 1983 is consistent with the fundamental principle that § 1983 should be interpreted "against the background of tort liability that makes a [person] responsible for the natural consequences of his [or her] actions."

Schwartz and Markarian, Section 1983 Litigation 3d § 9 (footnotes omitted). Generally, there is no respondeat superior (secondary, supervisory) liability under § 1983. See *id.* § 12.

The amended complaint is clear as to the allegations that Mr. Robison repeatedly pleaded with Officer Glowaki to protect him from a credible and imminent threat of violence by Mr. Humphrey, Officer Glowaki deliberately did nothing in response, and as a consequence Mr. Humphrey, as promised, severely beat Mr. Robison. There are no similar allegations against Mr. Touchette, Mr. Rutherford, Mr. Patterson, or Mr. Guillette. Without such allegations, there is no causation connecting them to Mr. Robison's alleged injuries, and there is no basis for damages claims against them.

3

## Order

For the foregoing reasons, Defendants' motions to dismiss are granted to the following effect:

(a) the claim for damages against the State is dismissed (the claim for prospective relief against the State remains in the case); and

(b) the individual capacity claims for damages against Mr. Touchette, Mr. Rutherford, Mr. Patterson, and Mr. Guillette are dismissed.



Robert R. Bent,
Judge